### BUCKLIN *v.* TRUELL & *a.*

On the question of a mill-owner's acquisition of a prescriptive right of flowage, evidence of complaints made of the flowage by persons having no interest in the land flowed, to others having no interest in and making no use of the dam, is irrelevant.

CASE, for flowing land. Plea, the general issue. Facts found by referees, with a general award for the defendants. A dam and mill were erected at the outlet of Grafton pond in 1818, the dam has been maintained there in substantially the same condition ever since, and the dam and water have been used in the same manner without interruption. From 1828 to 1849, Phineas Gage owned the dam and mill, and one of the tracts of land claimed to have been wrongfully flowed. Through his will, and by mesne conveyances, the defendants have title to the dam and mill, " and the privilege belonging to the same." The plaintiff acquired his title to one tract of land claimed to have been flowed, by deed in 1857, from Roswell Gage, who had it by devise from Phineas, and who, in the deed, excepted " any legal right of flowage." The other tract claimed to have been flowed was conveyed to the plaintiff by Sarah Bucklin in 1865. Subject to the plaintiff's exception, Hiram Truell, one of the defendants, testified,—" I went into possession under deed to Nancy Truell. First knew mill when I was eight or ten years old. I worked there under Phineas Gage several seasons. We sawed in spring and summer. When we got through sawing we shut down the gate. After I was in possession, we sawed as long as the water lasted, and then shut the gate. We lowered the channel two or three times not more than one year after I came into possession the first time." Constant Gile testified that he had known the pond and dam for fifty-five or sixty years, and until within the last nine years had lived within half a mile of the pond. He was asked whether he had heard any complaints from anybody about the flowage of the meadows prior to the occupation of the mill by the Truells. The question was ruled out, and the plaintiff excepted.

*Barnard & Barnard,* for the plaintiff.

*G. W. Murray* and *Bingham, Mitchells & Batchellor,* for the defendants.

STANLEY, J. The testimony of Hiram Truell as to the operations of Phineas Gage was competent on the question of Gage's acquiring a prescriptive right to flow land he did not own.

A complaint of the flowage, made by one not interested in the land, to some other disinterested person, not communicated to or

participated in by the parties to this suit, or those under whom they claim, and not resulting in an actual interference with the mill-owner's use of the dam or water, would not be evidence of a legal interruption of the use, or constitute an apparent link in the chain of proof as to the fact or the character of the flowage. The question whether the witness Gile had heard any complaints from anybody was rightly excluded. If the witness could give an answer that would be admissible, the referees could properly require the question to be put in a form more specific, and less calculated to introduce irrelevant matter.

*Judgment for the defendants.*

ALLEN, BLODGETT, and CARPENTER, JJ., did not sit: the others concurred.